■ GERDA E. SAMMS, as Administratrix of the Estate of HUBERT SAMMS, Deceased, Plaintiff, v TIMES SQUARE GARAGE, INC., Appellant, and BURLINGTON ELEVATORS, INC., Respondent.—Order, Supreme Court, New York County, entered April 18, 1977, denying the motion to amend the

caption of the action, unanimously reversed, on the facts and in the exercise of discretion, with $40 costs and disbursements of this appeal to appellant. Hubert Samms was killed in an elevator shaft on the premises of his employer, Times Square Garage, Inc. (Times Square). Samms' administratrix sued Times Square and Burlington Elevators, Inc. (Burlington), the latter having serviced and repaired the elevators on the property. Times Square and Burlington each served cross claims against the other. Times Square moved at Special Term to have the complaint dismissed as against it since Samms could not bring a direct suit against his employer, and his sole remedy against Times Square was under the provisions of the Workmen's Compensation Law. Special Term denied the motion. Times Square appealed to this court. At a preappeal conference, Samms and Times Square entered into a stipulation in which Samms discontinued its action against Times Square and Times Square in turn withdrew its appeal. Burlington was not a party to this stipulation but nonetheless it served a third-party complaint against Times Square to preserve its claim. Times Square then moved to amend the caption of the action to reflect that it was no longer a main defendant but, rather, only a third-party defendant. Special Term denied the motion. We would reverse. The pleadings presently reflect a suit by Samms against Burlington as a main defendant and a further suit by Burlington as third-party plaintiff against Times Square as a third-party defendant. The caption should have been amended to reflect the state of the pleadings; namely, that Times Square is no longer being sued as a main defendant. While it is true that there may ultimately be an apportionment of liability against a third-party defendant even when the plaintiff has not sued that third-party defendant (e.g., when the defense of the bar of the Workmen's Compensation Law exists [Klinger v Dudley, 41 NY2d 362, 368]), nonetheless the exposure of the third-party defendant may be limited (Klinger v Dudley, supra). Retaining the caption naming Times Square as a main defendant will only serve to create the possibility of unnecessary confusion at the time of trial, and a provident exercise of discretion dictates that the caption be amended. Settle order on notice. Concur—Evans, J. P., Fein, Lane, Markewich and Yesawich, JJ.